UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES SCHREGARDUS,<br>MARK ABBETT,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC EXTRUSION, LLC Clerks Entry Of Default Entered on 06-28-24,<br>WILLIAM MCMEANS Clerks Entry Of Default Entered on 06-28-24,<br>TRACIE MCCMEANS Clerks Entry Of Default Entered on 06-28-24,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:24-cv-00387-TWP-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Plaintiffs Matt Abbett ("Abbett") and James Schregardus' ("Schregardus") (collectively, "Plaintiffs") Motion for Default Judgment. (Filing No. 19). The Plaintiffs initiated this action against Defendant Dynamic Extrusion, LLC ("Dynamic") and individual defendants William McMeans and Tracie McMeans (the "McMeanses") (collectively, "Defendants") for breach of contract, fraudulent inducement, and conversion after the Defendants failed to make certain payments under their contracts with the Plaintiffs. (Filing No. 1). When the Defendants failed to respond or otherwise defend, Plaintiffs filed the instant Motion. For the following reasons, Plaintiffs' motion is **granted**.

**I.  BACKGROUND**

According to the Complaint, Dynamic executed a promissory note payable to Abbett for $71,500.00 ("Original Abbett Note") as repayment on a loan in July 2021. (Filing No. 1 at ¶ 9). The Original Abbett Note was entered into contemporaneously with a similar promissory note payable from Dynamic to Schregardus for the same amount ("Original Schregardus Note")

(collectively, the "Original Notes").  *Id.* ¶ 10.  On December 2, 2021, the Original Notes were amended, and Dynamic promised to pay Abbett and Schregardus $175,000.00 each (the "Amended Notes").  *Id.* ¶¶ 13, 14.  Thus, the total principal amount owed by Dynamic under the agreements was $350,000.00 – $175,000.00 owed to Abbett and $175,000.00 owed to Schregardus.  *Id.* ¶ 15.  To date, no payments have been made as required by the agreements.  *Id.* ¶ 26.

Plaintiffs allege further that on December 2, 2021, William and Tracie McMeans entered into a Guaranty to and for the benefit of Abbett and Schregardus as holders of the Amended Notes.  *Id.* ¶ 28.  Pursuant to the Guaranty, the McMeanses guaranteed the full and punctual payment of all amounts due under the Amended Notes.  *Id.* ¶ 29.  In accordance with the Amended Notes, Plaintiffs notified the McMeanses of Dynamic's failure to make any payments to Abbett or Schregardus.  *Id.* ¶ 32.  After two business days, Plaintiffs demanded payment from the McMeanses, and they have yet to pay.  *Id.* ¶¶ 33, 34.

The Plaintiffs initiated this action on March 1, 2024.  (*See* Filing No.1).  The Complaint asserts claims for breach of contract (Counts I–IV), fraudulent inducement (Counts V–VIII), and conversion (Counts IX and X), and requests damages for all amounts due under the Amended Notes plus interest.  *See id.*  On March 4, 2024, Plaintiff issued a summons to the Defendants. ([Filing No. 5](Filing No. 5)).  Defendants Tracie McMeans and Dynamic were served with Plaintiffs' Complaint and Summons on March 15, 2024.  ([Filing No. 10 at 3](Filing No. 10 at 3)); ([Filing No. 11 at 3](Filing No. 11 at 3)); (*See* [Filing No. 14 at ¶¶ 2](Filing No. 14 at), 6).  Defendant William McMeans was served on March 20, 2024.  ([Filing No. 9 at 3](Filing No. 9 at 3)); (*See* [Filing No. 14 at ¶ 10](Filing No. 14 at ¶ 10)).  To date, none of the Defendants have filed an answer or otherwise responded to the Complaint, and the time within which to do so has expired.  (*See* [Filing No. 14](Filing No. 14)).

On May 22, 2024, Plaintiffs filed a Motion for Entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a).  ([Filing No. 13](Filing No. 13)).  The Clerk entered default against all Defendants

on June 28, 2024. ([Filing No. 16](#)). Plaintiffs now request that the Court enter default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $485,441.06, representing the principal amounts owed under the Amended Notes, accrued interest, and attorney fees and costs. ([Filing No. 17](#)); ([Filing No. 19](#)).

## II.  LEGAL STANDARD

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). Second, the moving party must seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may enter a default judgment against a party who has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default judgment is within the court's discretion. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

A default judgment establishes the defendant's liability to the plaintiff on the cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "'Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Damages, however, "must be proved unless they are liquidated or capable of calculation." *Wehrs*, 688 F.3d at 892. In this circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

### III.  DISCUSSION

Because none of the Defendants have responded to the Complaint, all of the well-pleaded allegations of the Complaint relating to liability are taken as true. Those allegations include that Defendants entered into contracts – the Amended Notes and the Guaranties – as repayment for several loans. (Filing No. 1 at 2–4). To date, Defendants have failed to pay as required under the contracts. *Id.* at 5–7. These allegations are sufficient to establish liability, and the Court now turns to the relief requested.

A district court usually "must conduct an inquiry" through hearings in order to determine the amount of damages with "reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). However, such proceedings are unnecessary if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* at 602 (quoting *Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc*., 722 F.2d 1319, 1323 (7th Cir. 1983)). Here, Plaintiffs request a judgment in the amount of $485,441.06, representing the principal amounts owed under the Amended Notes, accrued pre-judgment interest, and attorneys' fees and costs. The Court will address each requested amount separately.

#### 1. Amounts Due Under the Contracts

The plain terms of the December 2, 2021, Amended Notes state that the principal amount owed from Dynamic to Abbett and Schregardus is $175,000 each. (Filing No. 19-2 at 12); (Filing No. 19-3 at 12). In addition, Mr. McMeans and Mrs. McMeans unequivocally guaranteed Dynamic's full payment of the amounts owed to Plaintiffs pursuant to the terms of their contracts. (Filing No. 19-2 at 20); (Filing No. 19-3 at 20). The Court finds that the principal amounts owed to Plaintiffs are clearly defined in the agreements and can be ascertained with reasonable certainty.

Therefore, Plaintiffs are entitled to damages in the amount of $175,000.00 each – or $350,000.00 total – for the unpaid principal.

2. **Pre-Judgment Interest**

The Plaintiffs also seek pre-judgment interest. (Filing No. 19 at 5). "In diversity actions such as this case, a federal court must look to state law to determine the propriety of awarding prejudgment interest . . . ." *Travelers Ins. Co. v. Transport Ins. Co.*, 846 F.2d 1048, 1051 (7th Cir. 1988) (applying Indiana law). Indiana law, which applies here, recognizes the appropriateness of compensating injured parties for their "lost use of money," especially when this figure is easy to compute. *See Town of New Ross v. Ferretti,* 815 N.E.2d 162, 169 (Ind.Ct.App.2004) ("An award of pre-judgment interest in a breach of contract action is warranted if the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable.") (citation and internal quotations omitted). Specifically, "[t]he test for determining whether an award of pre-judgment interest is appropriate is whether the damages are complete and may be ascertained as of a particular time." *Id.* at 169–70. An award of pre-judgment interest is not generally considered a matter of discretion. *Erie-Haven v. Tippmann Refrigeration Const.*, 486 N.E.2d 646, 649 (Ind. Ct. App. 1985). Indiana law states that the prejudgment interest rate must ordinarily be between six and ten percent per year. Ind. Code Ann. § 34-51-4-9. However, the statutory pre-judgment interest rate is inapplicable where the parties agreed upon the interest rate to be charged in the event of a default. *See Hedrick v. First Nat'l Bank & Trust Co.*, 482 N.E.2d 1146, 1149–50 (Ind. Ct. App. 1985).

Here, the Amended Notes state that the interest accrued on the Original Notes is $2,979.16. (Filing No. 19-2 at 12); (Filing No. 19-3 at 12). The Amended Notes then set the interest rate at ten percent per year beginning on December 2, 2021, and fifteen percent per year in the event of

default. *Id.* Dynamic's first payment to Abbett and Schregardus was due on April 2, 2022. (Filing No. 19-2 at 13); (Filing No. 19-3 at 13). Dynamic's failure to make timely payments under the Amended Notes is defined as an Event of Default which would trigger the fifteen percent interest rate. (Filing No. 19-2 at 16); (Filing No. 19-3 at 16).

Plaintiffs' request for pre-judgment interest is **granted**. Because interest accrued for four months after December 2, 2022, and Dynamic defaulted on its payments after April 2, 2022, Plaintiffs are entitled to pre-judgment interest on its damages, totaling $350,000.00, at a rate of ten percent per year from December 2, 2021, to April 2, 2022, and at a rate of fifteen percent per year from April 2, 2022, to the date of final judgment. Plaintiffs are also entitled to $2,979.16 in unpaid interest on the Original Notes.

### 3. Attorneys' Fees and Costs

Finally, Plaintiffs request $17,190.20 in attorneys' fees and costs. The Amended Notes provide, "[i]n the event of any default hereunder, Borrower shall pay all reasonable attorneys' fees and court costs incurred by Holder in enforcing and collecting this Note." (Filing No. 19-2 at 16); (Filing No. 19-3 at 16). Similarly, each Guaranty contains a fee-shifting provision granting "all reasonable legal fees and expenses" to the prevailing party at final judgment. (Filing No. 19-2 at 23); (Filing No. 19-3 at 23).

Under Indiana law, courts may enforce fee-shifting agreements so long as they are not contrary to law or public policy. *Stewart v. TT Commercial One, LLC*, 911 N.E.2d 51, 58 (Ind. Ct. App. 2009). In any case, an award of attorneys' fees and costs must be reasonable, and courts typically look to "objective evidence of the nature of the legal services and the reasonableness of the fee." *Id.* at 58, 59. In addition, the Seventh Circuit has held that the standard in a contractual

fee-shifting case is a "commercially reasonable" standard. *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 572 (7th Cir. 2011).

Plaintiffs' attorney affirmed that they billed Plaintiffs $16,754 for 59.6 hours spent working on this matter. (Filing No. 19-4 at ¶ 4). Additionally, Plaintiffs incurred $436.20 in costs, for a total of $17,190.20 in attorneys' fees and costs in prosecuting this case. *Id.* ¶ 3. The Court determines that these fees and costs are reasonable given the nature of this litigation and time spent attempting to prosecute the case, and the fees and costs are recoverable under the terms of the parties' agreements.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs Matt Abbett and James Schregardus' Motion for Default Judgment (Filing No. 19) is **GRANTED**. The Court enters **DEFAULT JUDGMENT** against Defendants, jointly and severally, in the following amounts: $350,000.00 in damages ($175,000.00 to each Plaintiff); $2,979.16 in unpaid interest on the Original Notes; $17,190.20 in attorneys' fees and costs; and pre-judgment interest on the damages award of $350,000 in accordance with the terms of the Amended Notes. In total, excluding pre-judgment interest, Plaintiffs may not recover more than $485,441.06 from any combination of payments from any Defendant.

Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/20/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

7

James Benjamin Vandeventer
Barnes & Thornburg LLP
Ben.Vandeventer@btlaw.com