UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES SCHREGARDUS, <br> MARK ABBETT, <br>       Plaintiffs, <br>       v. <br> DYNAMIC EXTRUSION, LLC Clerks Entry Of Default Entered on 06-28-24, <br> WILLIAM MCMEANS Clerks Entry Of Default Entered on 06-28-24, <br> TRACIE MCCMEANS Clerks Entry Of Default Entered on 06-28-24, <br>       Defendants. | No. 1:24-cv-00387-TWP-MJD |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST**

This matter is before the Court on Plaintiffs Matt Abbett ("Abbett") and James Schregardus' ("Schregardus") (collectively, "Plaintiffs") Motion to Award Prejudgment Interest. (Filing No. 24). For the following reasons, Plaintiffs' motion is **granted**.

**I.   DISCUSSION**

On March 20, 2025, the Court entered default judgment against the Defendants Dynamic Extrusion, LLC ("Dynamic"), William McMeans, and Tracie McMeans (the "McMeanses") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). (Filing No. 22). The Court awarded Plaintiffs $350,000 in damages, $2,979.16 in unpaid interest on the Original Notes, $17,190.20 in attorneys' fees and costs, and prejudgment interest on the damages award in accordance with the terms of the Amended Notes from December 2, 2021, to the date of Final Judgment. (Filing No. 22). Because the Court determined that Defendants were in default as of April 2, 2022, Plaintiffs were entitled to prejudgment interest at a rate of fifteen percent per year from April 2, 2022, to the date of final judgment, March 20, 2025. (Filing No. 23).

Plaintiffs bring the instant motion to "perfect the amount of prejudgment interest owed in this matter under the Amended Notes, as contemplated by this Court's August 15, 2024,[1] Judgment." (Filing No. 24 at 1). Because an award of prejudgment interest makes up part of the damages award and the Court must quantify damages before a judgment can be final, *Dual-Temp of Ill., Inc. v. Hench Control, Inc.*, 777 F.3d 429, 430 (7th Cir. 2015), the Court construes this motion as a motion to correct judgment under Federal Rule of Civil Procedure 60(a).

Rule 60(a) of the Federal Rules of Civil Procedure allows a Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[A] paradigm Rule 60(a) case is one where the court entering judgment has omitted reference to interest on a damage award. If there is no contest that the prevailing party is entitled to interest as a matter of law, the rule allows amendment to include interest." *Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir. 1989) (citation omitted).

As noted in the Court's March 20, 2025, Order, federal courts sitting in diversity look to state law to determine the propriety of awarding prejudgment interest. *Travelers Ins. Co. v. Transp. Ins. Co.*, 846 F.2d 1048, 1051 (7th Cir. 1988) (applying Indiana law). "An award of prejudgment interest in a contract action is appropriate purely as a matter of law when the breach did not arise from tortious conduct, the amount of the claim rests on a simple calculation, and the trier of fact does not need to exercise its judgment to assess the amount of damages." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018). "The test for determining whether an award of prejudgment interest is appropriate is whether the damages are complete and may be

---

[1] Plaintiffs mistakenly note that the Court entered judgment on August 15, 2024. The Court granted the Plaintiffs' Motion for Default Judgment on March 20, 2025, and final judgment issued the same day. (*See* Filing Nos. 22 and 23).

ascertained as of a particular time. . . . [A]n award of prejudgment interest is generally not considered a matter of discretion." *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002) (citations omitted).

Plaintiffs argue that they are entitled to prejudgment interest in an amount equal to $77,886.99 each, or $155,773.97 total. The Court agrees. Damages in this case may be ascertained as to a particular time because, as the Court already found, Defendants' failure to repay the loan on April 2, 2022, was an event triggering default and the fifteen percent interest rate. Accordingly, under the terms of the Amended Notes, Plaintiffs are entitled to prejudgment interest at a rate of fifteen percent per year, or 0.0411% per day, between April 2, 2022, and March 20, 2025. Because there are 1,083 days between April 2, 2022, and March 20, 2025, Plaintiffs are entitled to $77,886.99 each, or $155,773.97 total, in prejudgment interest.

## II.   CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Award Prejudgment Interest (Filing No. 24) is **GRANTED**. The Court hereby **AMENDS JUDGMENT** against Defendants, jointly and severally, in the following amounts: $350,000.00 in damages ($175,000.00 to each Plaintiff); $2,979.16 in unpaid interest on the Original Notes; $17,190.20 in attorneys' fees and costs; and prejudgment interest on the damages award of $350,000 in the amount of $77,886.99 each or $155,773.97 total.

An Amended Final judgment will issue under separate order.

**SO ORDERED.**

Date:   5/30/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

3

Distribution:

Brandon J. Kroft
CASSIDAY SCHADE LLP
bkroft@cassiday.com

James Benjamin Vandeventer
Barnes & Thornburg LLP
Ben.Vandeventer@btlaw.com